UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust<br><br>**Plaintiff**<br><br>vs.<br><br>Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually<br><br>**Defendant**<br><br>TD Banknorth, N.A. a/k/a Banknorth, N.A.<br><br>**Party-In-Interest** | CIVIL ACTION NO:<br><br>COMPLAINT<br><br>RE:<br>22 Central Street, Saco, ME 04072<br><br>Mortgage:<br>March 21, 2008<br>Book 15380, Page 647 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank

Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, is the obligor and the total amount owed under the terms of the Note is three hundred eighty-four thousand three hundred thirty-five and 57/100 ($384,335.57) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, is a resident of Saco, County of York and State of Maine.

6. The Party-In-Interest, TD Banknorth, N.A. a/k/a Banknorth, N.A., is located at 2035 Limestone Road, Wilmington, DE 19808.

## FACTS

7. On August 1, 1996, by virtue of a Warranty Deed from Bonnie M. Putnam, which is recorded in the York County Registry of Deeds in **Book 7941, Page 166**, the property situated at 22 Central Street, County of York, and State of Maine, was conveyed to Shirley R. Dubuc, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On March 21, 2008, Shirley R. Dubuc, executed and delivered to Countrywide Bank, FSB a certain Note in the amount of $186,942.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on March 21, 2008, Shirley R. Dubuc executed a Mortgage Deed in favor of Countrywide Bank, FSB, securing the property located at 22 Central Street, Saco, ME 04072 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15380**, **Page 647**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. On April 3, 2009, Shirley R. Dubuc passed away.

11. On April 10, 2009, a holographic will dated April 1, 2009 left by Shirley R. Dubuc was filed with the Probate Court, which appointed Gail Summey as Executrix of her estate, and as such, Gail Summey has no personal liability in this matter.

12. The Mortgage was then assigned to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. by virtue of an Assignment of Mortgage dated December 1, 2009 and recorded in the York County Registry of Deeds in **Book 15781**, **Page 184**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated September 21, 2015 and recorded in the York County Registry of Deeds in **Book 17115**, **Page 391**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On March 18, 2019, the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the

Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

16. The Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage, however, its recovery is limited to an in rem recovery against the subject property.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

20. TD Banknorth, N.A. a/k/a Banknorth, N.A. is a Party-In-Interest pursuant to a Home Equity Line Mortgage in an amount not exceeding $70,700.00 dated October 24, 2002, and recorded in the York County Registry of Deeds in Book 12317, Page 58, as affected by Modification Agreement dated September 22, 2005 decreasing credit limit amount to $45,000.00, and recorded in the York County Registry of Deeds in Book 14626, Page 80,

and further affected by Subordination Agreement dated March 14, 2008, and as such is in second position behind Plaintiff's Mortgage.

21. The total debt owed under the Note and Mortgage as of May 31, 2019 is three hundred eighty-four thousand three hundred thirty-five and 57/100 ($384,335.57) dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $184,891.53 |
| Interest | $116,064.63 |
| Escrow/Impound Required | $50,480.07 |
| Late Fees | $283.95 |
| Total Advances | $33,630.37 |
| Unapplied Funds | $-1,014.98 |
| Grand Total | $384,335.57 |

22. Upon information and belief, the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure respecting a real estate related Mortgage and title located at 22 Central Street, Saco, County of York, and State of Maine.  *See* Exhibit A.

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205,

128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, is presently in default on said Mortgage and Note, having failed to make the monthly payment due March 1, 2009, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note, but Gail Summey has no personal liability for said breach.

28. The total debt owed under the Note and Mortgage as of May 31, 2019 is three hundred eighty-four thousand three hundred thirty-five and 57/100 ($384,335.57) dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $184,891.53 |
| Interest | $116,064.63 |
| Escrow/Impound Required | $50,480.07 |
| Late Fees | $283.95 |
| Total Advances | $33,630.37 |
| Unapplied Funds | $-1,014.98 |
| Grand Total | $384,335.57 |

29. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

31. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, on March 18, 2019, evidenced by the Certificate of Mailing. *See* Exhibit F.

32. The Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, is not in the military as evidenced by the attached Exhibit G.

33. If you are in bankruptcy or received a bankruptcy discharge of this debt, this is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the collateral property.

## COUNT II – BREACH OF NOTE

34. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. On March 21, 2008, Shirley R. Dubuc, executed and delivered to Countrywide Bank, FSB a certain Note in the amount of $186,942.00. *See* Exhibit B.

36. The Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually is in default for failure to properly tender the March 1, 2009 payment and all subsequent payments. *See* Exhibit F.

37. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually

38. The Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage, but any remedy shall be limited to the subject property.

39. The Defendant's, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, breach is knowing, willful, and continuing.

40. The Defendant's, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

41. The total debt owed under the Note and Mortgage as of May 31, 2019, if no payments are made, is three hundred eighty-four thousand three hundred thirty-five and 57/100 ($384,335.57) dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $184,891.53 |
| Interest | $116,064.63 |
| Escrow/Impound Required | $50,480.07 |
| Late Fees | $283.95 |
| Total Advances | $33,630.37 |
| Unapplied Funds | $-1,014.98 |
| Grand Total | $384,335.57 |

42. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

43. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. By executing, under seal, and delivering the Note, Shirley R. Dubuc entered into a written contract with Countrywide Bank, FSB who agreed to loan the amount of $186,942.00 to the Defendant.  *See* Exhibit B.

45. As part of this contract and transaction, Shirley R. Dubuc executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

46. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Countrywide Bank, FSB, and has performed its obligations under the Note and Mortgage.

47. The Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, breached the terms of the Note and Mortgage by failing to properly tender the March 1, 2009 payment and all subsequent payments. *See* Exhibit F.

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually.

49. The Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, having failed to comply with the terms of the Note and Mortgage, is in breach of contract, but has no personal liability hereunder.

50. The Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of three hundred eighty-four thousand three hundred thirty-five and 57/100 ($384,335.57) dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to Shirley R. Dubuc.

51. The Defendant's, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, breach is knowing, willful, and continuing.

52. The Defendant's, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master

Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as costs and attorney's fees.

53. The total debt owed under the Note and Mortgage as of May 31, 2019, if no payments are made, is three hundred eighty-four thousand three hundred thirty-five and 57/100 ($384,335.57) dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $184,891.53 |
| Interest | $116,064.63 |
| Escrow/Impound Required | $50,480.07 |
| Late Fees | $283.95 |
| Total Advances | $33,630.37 |
| Unapplied Funds | $-1,014.98 |
| Grand Total | $384,335.57 |

54. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

55. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. Countrywide Bank, FSB, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Shirley R. Dubuc, $186,942.00.  *See* Exhibit B.

57. The Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, is in default for failure to properly tender the March 1, 2009 payment and all subsequent payments.  *See* Exhibit F.

58. As a result of the Defendant's, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

59. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

60. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Countrywide Bank, FSB, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Shirley R. Dubuc, $186,942.00.  *See* Exhibit B.

62. The Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, has failed to repay the loan obligation.

63. As a result, the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Countrywide Bank, FSB by having received the aforesaid benefits and money and not repaying said benefits and money.

64. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, is in breach of the Note by failing to make payment due as of March 1, 2009, and all subsequent payments, but has no personal liability;

d) Find that the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, is in breach of the Mortgage by failing to make payment due as of March 1, 2009, and all subsequent payments, but has no personal liability;

e) Find that Shirley R. Dubuc entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due March 1, 2009 and all subsequent payments, but has no personal liability;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually,, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually,, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually,, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Gail Summey, as Executrix of the Estate of Shirley R. Dubuc, not individually, with any remedy being limited to the subject property, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of three hundred eighty-four thousand three hundred thirty-five and 57/100 ($384,335.57) dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

                                            Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: May 16, 2019                        <u>/s/ Reneau J. Longoria, Esq.</u>
                                            <u>/s/ John A. Doonan, Esq.</u>
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com